IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHIEU EDWARDS,

        Plaintiff,

vs.

AURORA LOAN SERVICES, LLC;
and DOES 1-50,

        Defendants.

No. CIV S-10-0092 LKK KJN PS

ORDER AND
ORDER TO SHOW CAUSE

        This case, in which plaintiff is proceeding without counsel, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). On February 25, 2010, defendant moved to dismiss plaintiff's complaint and to expunge a lis pendens.[1] (Dkt. Nos. 8, 11.) Defendant noticed the motions for hearing on April 15, 2010. (Dkt. No. 15.)

        Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to defendant's motions. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving

---

[1] Defendant's motion for an order expunging the lis pendens also seeks an award of costs and attorneys fees in the amount of $1,250.

1

party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by April 1, 2010. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." See also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendant's motion to dismiss and motion to expunge lis pendens is continued to May 13, 2010;

2. Plaintiff shall show cause, in writing, no later than April 29, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions.

3. Plaintiff shall file an opposition to the motions, or a statement of non-opposition thereto, no later than May 5, 2010.

4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motions, and may result in an adverse ruling, including but not limited to a recommendation that this action be dismissed for lack of prosecution. See Fed. R. Civ. P. 41(b).

////

1  5. Defendant may file a reply to plaintiff's opposition, if any, on or before May 6, 2010.

IT IS SO ORDERED.

DATED: April 12, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE