1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHIEU EDWARDS,

11            Plaintiff,                    No. 2:10-cv-00092 LKK KJN PS

12        vs.

13   AURORA LOAN SERVICES, LLC;
     and DOES 1-50,                         ORDER
14
                   Defendants.
15   _____/

16            Presently before this court are defendant's motions to dismiss plaintiff's

17   complaint and to expunge lis pendens.[1]  The court has fully considered the parties' briefs and the

18   entire record in this case and, for the reasons stated below, will grant plaintiff's motion to dismiss

19   and permit plaintiff leave to amend her complaint.  The court will deny without prejudice the

20   motion to expunge lis pendens and accompanying request for attorneys' fees.

21   ////

22   ////

23   ////

24   ////

25   _____

26        [1]   Defendant's motion for an order expunging the lis pendens also seeks an award of
     costs and attorneys' fees in the amount of $1,250.

                                            1

1    I.      BACKGROUND [2]

2            Plaintiff Chieu Edwards, proceeding without counsel, filed a complaint in San

3    Joaquin County Superior Court on December 24, 2009.  (Dkt. No. 2-2.)  On January 12, 2010,

4    defendant Aurora Loan Services, LLC ("Aurora" or "defendant") filed a notice of removal

5    pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.  (Dkt. No. 2.)

6            Plaintiff's complaint appears to allege that there was a dispute involving real

7    property in Lathrop, California.  Plaintiff avers that she "has proof that the property was paid off

8    with a proper form of payment."  (Dkt. No. 2-2 at 2.)  Plaintiff also asserts numerous affirmative

9    defenses.  (Id. at 3.)  For relief, plaintiff seeks costs, fees and a monetary judgment in the amount

10   of $2,610,000.00.  (Id. at 3-4.)  Plaintiff argues that the property in question should be awarded to

11   her with "title free and clear, due to full payment being offered and rejected by the bank. . . ."

12   (Dkt. No. 2-2 at 3.)

13           Defendant seeks to dismiss this complaint for failure to state a claim.[3]  Defendant

14   argues that plaintiff borrowed $597,400.00 under a promissory note to purchase a home located

15   in Lathrop, California.  (Dkt. No. 8-3 at 6.)  Defendant contends that on August 1, 2008, plaintiff

16   breached her promise to repay the indebtedness.  (Id.)  Nonjudicial foreclosure proceedings

17   commenced, and the subject property was sold at public auction on July 29, 2009.  (Dkt. No. 8-3

18   at 7.)  On December 17, 2009, a Trustee's Deed Upon Sale was recorded in favor of defendant in

19   the San Joaquin County Recorder's Office.  (Id.)

20           Defendant's argument challenging the sufficiency of the complaint is twofold.

21   First, defendant contends that plaintiff has not alleged any viable causes of action; instead,

22   _____

23       [2] This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered
24   February 9, 2010.  (Dkt. No. 6.)

25       [3] In support of its motion to dismiss, defendant requests judicial notice of exhibits which
     are records of the San Joaquin County Recorder's office.  (Dkt. No. 9.)  Pursuant to Federal Rule
26   of Evidence 201, these materials are judicially noticeable and therefore this request is granted.

2

1  plaintiff's complaint consists of vague factual allegations following by a list of affirmative

2  defenses.  Second, defendant argues that the facts, as pled by plaintiff, do not demonstrate that

3  plaintiff is entitled to relief.  Defendant avers that the form of payment tendered by plaintiff, a

4  bonded promissory note, is not an acceptable form of payment, does not satisfy the real property

5  debt, and thus the Deed of Trust was properly foreclosed upon.

6               Additionally, defendant seeks an order of this court expunging a lis pendens

7  placed on the subject real property by plaintiff.  (Dkt. No. 11.)  From the documents attached to

8  defendant's motion, it appears that plaintiff recorded the lis pendens with the San Joaquin

9  County Recorder's office on October 30, 2009.  In the lis pendens, plaintiff stated that a civil

10  action had been instituted in the San Joaquin County Court, although there is no evidence that a

11  civil action commenced until December 24, 2009.  (Dkt. No. 13-2 at 37.)  Plaintiff stated in the

12  lis pendens that the amount at issue was $2,610,000.00, and that she sought to impose an

13  equitable lien over the real property.  (Id.)

14               Finally, defendant seeks attorneys' fees and costs in the amount of $1,250.00,

15  which are potentially recoverable under California Code of Civil Procedure section 405.38 to a

16  party prevailing on an expungement motion.

17               In response to defendant's motions, plaintiff contends that defendant failed to

18  answer "point by point" the allegations of the complaint, thereby providing plaintiff with a right

19  of rescission under the Truth in Lending Act ("TILA").  Plaintiff also contends that the entity

20  who foreclosed on her home had no right to do so.  Finally, plaintiff avers that a "Bonded

21  Promissory Note" is "legal tender for all debts."  (Dkt. No. 25 at 2.)

22  II.    MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

23      A.    Legal Standards

24               On a motion to dismiss, the court construes the pleading in the light most

25  favorable to plaintiff and resolves all doubts in plaintiff's favor.  Parks School of Business, Inc.

26  v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  The complaint's factual allegations are

1   accepted as true.  <u>Church of Scientology of Cal. v. Flynn</u>, 744 F.2d 694 (9th Cir. 1984).  In order

2   to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), however, a complaint

3   must contain more than a "formulaic recitation of the elements of a cause of action;" it must

4   contain factual allegations sufficient to "raise a right to relief above the speculative level."  <u>Bell</u>

5   <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007).  Factually unsupported claims framed as

6   legal conclusions, and mere recitations of the legal elements of a claim, do not give rise to a

7   cognizable claim for relief.  <u>See</u> <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1951 (May 18,

8   2009), citing <u>Twombly</u>, 550 U.S. at 555.

9          Pro se pleadings, such as the one at issue, are held to a less stringent standard than

10  those drafted by lawyers.  <u>Erickson v. Parduc</u>, 551 U.S. 89 (2007); <u>Haines v. Kerner</u>, 404 U.S.

11  519, 520-21 (1972).  So-called "inartful pleading" by parties appearing pro se should not penalize

12  a pro se litigant, particularly in civil rights actions.  <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th

13  Cir. 2002); <u>Johnson v. State of Calif.</u>, 207 F.3d 650, 653 (9th Cir. 2000).

14          In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may

15  generally consider only allegations contained in the pleadings, exhibits attached to the complaint,

16  and matters properly subject to judicial notice."  <u>Outdoor Media Group, Inc. v. City of</u>

17  <u>Beaumont</u>, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  However,

18  under the "incorporation by reference" doctrine, a court may also review documents "whose

19  contents are alleged in a complaint and whose authenticity no party questions, but which are not

20  physically attached to the [plaintiff's] pleading."  <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th

21  Cir. 2005) (citation omitted and modification in original).  The incorporation by reference

22  doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a

23  document, the defendant attaches the document to its motion to dismiss, and the parties do not

24  dispute the authenticity of the document, even though the plaintiff does not explicitly allege the

25  contents of that document in the complaint."  <u>Id</u>.

26  ////

4

1    B.    <u>Discussion</u>

2          1.    <u>Noncompliance With Rule 8's Pleading Standards</u>

3          Defendant argues that plaintiff's claim must be dismissed for failure to state a

4    claim. (Dkt. No. 8-3 at 9.)  Defendant states that it is "difficult to even ascertain the specific

5    claims plaintiff is attempting to make in her muddled complaint." (<u>Id</u>.)  Instead, defendant

6    argues that plaintiff "simply rattles of [sic] a laundry list of affirmative defenses and conclusory

7    statements, which are completely unsubstantiated." (<u>Id</u>.)  Although certain of defendant's

8    contentions have merit, defendant's arguments are undermined and appear disingenuous in light

9    of defendant's statements to the contrary in its Notice of Removal.

10         When defendant removed this action to federal court, it stated clearly that this

11   court had federal question jurisdiction over this matter and hence that removal was proper.  (Dkt.

12   No. 2 at 2.)  During the removal process, defendant was apparently able to ascertain the specific

13   claims plaintiff attempted to make despite the aformentioned unclear complaint.  Defendant,

14   piercing through the "muddled" complaint, represented to this court during removal that plaintiff

15   sought relief on four federal causes of action:  "Here, plaintiff alleges violations of the Truth in

16   Lending Act ("TILA"), 15 U.S.C. § 1601, <u>et seq</u>.; and Fraud, 18 U.S.C. § 1001; and Extortionate

17   Credit Transactions, 18 U.S.C. §§ 891-894; and Interference with Commerce, 18 U.S.C. §

18   1951."[4] (<u>Id</u>.)

19         Regardless of these inconsistencies, defendant's point that plaintiff's complaint

20   renders any causes of action difficult to ascertain is well-taken.  Plaintiff's complaint suffers

21   from a variety of procedural and substantive issues.

22         First, plaintiff's affirmative claim for relief against Aurora is unclear.  Pursuant to

23   Federal Rule of Civil Procedure 8(a), plaintiff must file a complaint that sets forth a "short and

24   plain statement of the claim showing that the pleader is entitled to relief and a demand for the

25   _____

26         [4]  Whether those federal causes of action are ultimately viable is a separate question.

5

1  relief sought." In *responding* to a complaint, a party may assert defenses to each claim asserted

2  against it. Fed. R. Civ. Proc. 8(b), (c). A complaint should not include affirmative defenses. To

3  the extent that any of plaintiff's affirmative defenses are actually claims, plaintiff should redraft

4  her complaint accordingly.

5          As presently written, it is not clear from plaintiff's complaint in what manner or

6  how Aurora is alleged to have violated the law. Aurora must be able to formulate a reasoned

7  answer or responsive pleading to plaintiff's complaint, and it cannot. Factually unsupported

8  claims framed as legal conclusions, and mere recitations of the legal elements of a claim, do not

9  give rise to a cognizable claim for relief. Ashcroft, ___ U.S. at ___, 129 S.Ct. at 1951. A

10 conclusory claim completely devoid of factual support is inadequate. See Western Mining

11 Council v. Watt, 643 F.2d 618, 624 (1981). Nor may plaintiff assert claims within her opposition

12 briefing to defendant's motion – any claims for relief must be contained in her complaint.

13          Because plaintiff is proceeding without counsel, and because this is plaintiff's first

14 opportunity at pleading, the court will dismiss plaintiff's complaint but grant plaintiff leave to

15 file an amended complaint.[5] Accordingly, defendant's motion to expunge the lis pendens will be

16 denied without prejudice until the court has had an opportunity to consider the merits of

17 plaintiff's amended complaint, if she chooses to file one. Defendant may timely renew its

18 motion to dismiss and/or expunge lis pendens following the plaintiff's filing of an amended

19 complaint.

20          2.       "Bonded Promissory Note "

21          Defendant also argues that all of plaintiff's claims for relief should be dismissed

22 because plaintiff has not alleged that she tendered the full amount owed on the loan prior to

23

24          [5] The court recognizes that plaintiff attached to her opposition an amended complaint
   that she apparently filed in San Joaquin Superior Court on January 13, 2010. (Dkt. No. 25 at
25 4-6.) However, that amended complaint is not before this court. Further, the court notes that it
   suffers from the same deficiencies as the original complaint, and therefore it is not advisable for
26 plaintiff to file that amended complaint in this action.

6

1   commencing her lawsuit.  (Dkt. No. 8 at 4-5.)  Plaintiff contends that she believes that her

2   "Bonded Promissory Note" is legal tender for "all debts."  (Dkt. No. 25 at 2.)  Plaintiff cites

3   invalid authority for this proposition.

4          To the contrary, courts reaching this issue have found the "bonded promissory

5   note" not to be legal tender.  See Tesi v. Chase Home Finance, LLC, 2010 WL 2293177, at *6

6   (N.D. Tex., June 7, 2010) (recognizing that similar bonds have been recognized as patently

7   "bogus" and "plainly devoid of value"); Maxwell v. Chase Home Finance LLC, 2010 WL

8   1426699, at *1-3 (S.D. Tex., April 7, 2010) (dismissing a complaint where plaintiff alleges only

9   that the "property was paid off with a bonded promissory note"); Wiggins v. Wells Fargo & Co.,

10  2010 WL 432246, at *3 (N.D. Tex., Jan. 29, 2010) ("Here, plaintiff attempted to pay Wells Fargo

11  with a 'Bonded Promissory Note,' which is not a negotiable instrument.").  As in Tesi, plaintiff

12  here has "simply failed to allege any facts to show that [s]he has legitimately tendered payment

13  of the promissory note . . . ."[6]  The Deed of Trust and Note expressly state the form of payment

14  that will be accepted by the bank.  (RJN Ex. A.)  A bonded promissory note does not appear to be

15  one of those documents.  (Id.)

16  ////

17  ────────────────────

18        [6] Defendant also brings to the plaintiff's and court's attention one case where an attorney
    was recently convicted, along with several co-defendants, of criminal fraud charges for the
19  passing of bills of exchanges, similar to the bonded promissory note alleged here.  (See Dkt. No.
    8-3 at 10, citing United States v. Buhtz, No. 1:05-CR-30047 (D. Or., Oct. 5, 2007)).  Defendant
20  further references United States v. Lee, 427 F.3d 881, 885 (11th Cir. 2005), wherein the Eleventh
    Circuit affirmed a criminal conviction for a scheme to defraud and mail fraud, based in part upon
21  a defendant's attempt to pass a promissory note to her former bank.  Defendant cites to language
    from Brant v. Wash. Mut. Bank, 524 F. Supp. 2d 753, 762-63 (W.D. Va. 2007), where the judge
22  stated: "I wish to offer plaintiff a word of caution . . . plaintiff has indicated that she has
    attempted to pay other debts with Bills of Exchange and has alluded to a belief that there are
23  similarly questionable means by which a person may avoid paying the federal income tax . . .
    people frequently end up in prison for pursuing these sorts of schemes.  The convictions . . .
24  should make abundantly clear that plaintiff is playing with fire."  Further, the basis for plaintiff's
    citation to the "bonded promissory notes" involving defendant Wesley Snipes as support for her
25  position, see Dkt. No. 25 at 21-38, is unclear, particularly in light of that individual's criminal
    conviction.  See United States v. Snipes, Case No. 5:06-cr-22-Oc-10GRJ (M.D. Fla., Jan. 28,
26  2008).  Plaintiff, if she intends to rely on such authority, is advised to make the basis for her
    positions and relevance of that authority more apparent to the court.

3.     "Doe" Defendants

Plaintiff's complaint states that the defendants include Aurora and "does 1-50." (Dkt. No. 2-1 at 2.)  Allegations against unidentified "Doe" defendants are disfavored in federal court.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Plaintiff's reference to doe defendants generally must be eliminated from any amended complaint unless an actual basis for allegations against a specific number of unknown persons or parties exists.  Further, that basis must be made apparent in any amended complaint.

III.     CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Defendant's request for judicial notice is granted.  (Dkt. No. 9.)

2.  Defendant's motion to dismiss is granted.  (Dkt. No. 8.)  Plaintiff's complaint is dismissed without prejudice.

3.  Plaintiff is granted leave to file an amended complaint within 30 days of the date of this order.  If plaintiff does not timely file an amended complaint, this action may be dismissed for failure to prosecute.

4.  Defendant's motion to expunge lis pendens is denied without prejudice.  (Dkt. No. 11.)

5.  Defendant is required to file a responsive pleading or motion within 30 days of the date of plaintiff's filing of any amended complaint.

**IT IS SO ORDERED**

DATED:  July 7, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8