IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHIEU EDWARDS, | | |
| | Plaintiff, | No. 2:10-cv-0092 LKK KJN PS |
| vs. | | |
| AURORA LOAN SERVICES, LLC, et al., | | <u>ORDER TO SHOW CAUSE</u> |
| | Defendants. | |

      This case, in which plaintiff is proceeding without counsel, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). <u>See</u> 28 U.S.C. § 636(b)(1). On February 25, 2010, defendant Aurora Loan Services moved to dismiss plaintiff's complaint and to expunge a lis pendens. (Dkt. Nos. 8, 11.) Plaintiff failed to file an opposition or non-opposition to defendant's motions. The court issued an order to show cause why this action should not be dismissed. (Dkt. No. 19.) Plaintiff timely responded to the order to show cause which the court then discharged. (Dkt. No. 22.) Plaintiff also filed an opposition to defendant's motions. (Dkt. No. 25.)

      On July 9, 2010, this court issued an order on the substance of defendant's motions, dismissing plaintiff's complaint and permitting plaintiff to file an amended complaint. (Dkt. No. 28.) Plaintiff timely filed an amended complaint, and defendant refiled its motions.

(Dkt. Nos. 29, 30, 32.) Defendant's motion to dismiss and motion to expunge lis pendens are now set for hearing on September 16, 2010.

Court records reflect, however, that plaintiff has again filed neither an opposition nor a statement of non-opposition to the motions. Plaintiff has already been reminded of the obligations of Local Rule 230(c), which requires that a party opposing the granting of a motion serve upon the moving party and file opposition papers with the court no later than fourteen days preceding the noticed hearing date, or in this instance, September 2, 2010. Moreover, Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral argument if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing pro se (without counsel), provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "Failure to follow a district court's local rules is a proper grounds for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In light of plaintiff's prior noncompliance with the Local Rules, any further violation of the Federal or Local Rules, or orders of this court including the instant Order to Show Cause, will result in the granting of the motions, dismissal of this case and/or further appropriate action.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendant's motion to dismiss and motion to expunge lis pendens is continued to October 7, 2010 at 10:00 a.m. before the undersigned;

2. Plaintiff shall show cause in writing, no later than September 23, 2010, why sanctions should not be imposed for failure to timely file an opposition or statement of non-opposition to the pending motions, particularly in light of the court's prior issuance of an order to

show cause to plaintiff on these same grounds;

        3. Plaintiff shall file an opposition to the motions, or a statement of non-opposition thereto, no later than September 23, 2010;

        4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motions, and may result in a recommendation that defendant's motion to dismiss and motion to expunge lis pendens be granted and/or that this action be dismissed for lack of prosecution.

        5. Defendant may file a reply to plaintiff's opposition, if any, on or before September 30, 2010.

**IT IS SO ORDERED.**

DATED: September 7, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE